UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>FEDERATION EMPLOYMENT AND<br>GUIDANCE SERVICE, INC. d/b/a FEGS,<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 15-71074(REG) |
| ROBERT N. MICHAELSON, solely in his capacity as CREDITOR TRUSTEE OF THE FEGS CREDITOR TRUST,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>LOEB & TROPER LLP,<br><br>　　　　　　　　　　Defendant. | Adv. Proc. No. 17- 08100 (REG) |

## AGREED QUALIFIED PROTECTIVE ORDER OF CONFIDENTIALITY

IT IS HEREBY AGREED, by and among the following parties (collectively, the "Parties"), by and through their respective undersigned counsel: (i) Judith Pincus, solely in her capacity as Plan Administrator (the "Plan Administrator") under the *Third Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Federation Employment and Guidance Service, Inc. d/b/a FEGS* (the "Plan"); (ii) Robert N. Michaelson, solely in his capacity as Creditor Trustee (the "Trustee") of the FEGS Creditor Trust established under the Plan; and (iii) Loeb & Troper LLP ("Loeb & Troper") that the following agreement (the "Agreement") shall govern the handling of all documents, depositions, deposition exhibits, and any other written, recorded or graphic material provided in these cases by and among the Parties in connection with the above-captioned adversary proceeding (the "Adversary Proceeding"). The Plan Administrator, the Trustee and Loeb & Troper are each referred to herein as a "Party."

Confidential Material. To the extent any Party (the "Producing Party") provides information to any other Party (the "Receiving Party") or to the Receiving Party's attorneys, accountants, professionals, financial advisors, representatives or experts (collectively, "Advisors"), the Producing Party may designate such information or any portion thereof as confidential (material so designated, "Confidential Material") in accordance with and subject to the terms of this Agreement. "Confidential Material" includes, without limitation, all information, data, reports, computations, projections, forecasts, records, memoranda, summaries, term sheets, pleadings, agreements, oral conversations, depositions, deposition exhibits, notes, analyses, compilations, studies, interpretations, other documents or materials or drafts of any of the foregoing, in whatever form maintained, whether documentary, computerized or otherwise, prepared by or in the possession, custody, or control of the Producing Party, together with any and all analyses, compilations, abstracts, studies, summaries or other documents, reports or records prepared by a Receiving Party or its Advisors which contain or otherwise reflect, in whole or in part, any such material. In addition to the foregoing, Confidential Material shall include, without limitation and whether or not designated as "Confidential Material", all "Protected Health Information"[1]. The following shall not constitute Confidential Material for purposes of this Agreement: (i) material that is or becomes generally available to the public

---

[1] For the purposes of this Agreement, Protected Health Information shall mean: any document or information supplied in any form, or any portion thereof, that identifies an individual or client in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or client, the provision of health care to such individual or client, or the past, present, or future payment for the provision of health care to such individual or client. Protected Health Information specifically includes "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996. See 45 C.F.R. §§ 164.501 ("protected health information") and 160.103 ("individually identifiable health information"). Protected Health Information also includes all notes, summaries, compilations, extracts, abstracts, transcripts, Court Orders and/or Decisions, Awards and/or Decisions of arbitrations, or oral communications that contain, are based on, or are derived from Protected Health Information.

from a source that was not, to the best of the Receiving Party's knowledge, subject to any prohibition against publishing it; (ii) material that was already in the Receiving Party's files on a non-confidential basis prior to being produced to such Receiving Party; (iii) material that becomes available to the Receiving Party on a non-confidential basis if the source was not, to the best of the Receiving Party's knowledge, subject to any prohibition against transmitting the information to it; or (iv) material that is independently developed by any Receiving Party without the use of Confidential Material.

Manner of Designating Material as Confidential Material. A Producing Party may designate as "Confidential Material" any information that such Producing Party in good faith determines may qualify for confidential treatment under Fed. R. Civ. P. 26(b), 11 U.S.C. § 107(b), or other applicable law or rule of similar effect. Documents or other information shall be designated as Confidential Material by any means reasonably calculated to apprise the Receiving Party of such designation. Without limiting the generality of the foregoing, placing or affixing the words "Confidential" thereon, shall be a sufficient means of making the designation. Deposition testimony or deposition exhibits may be designated as Confidential Material either on the record during the deposition or by written notice delivered within five (5) business days after the testimony is given. Until expiration of the five (5) business-day period, all deposition testimony shall be deemed Confidential Material and treated as if so designated.

Failure to Designate Material. Failure to designate material as Confidential Material at the time of production or at the time of a deposition may be remedied by written notice to the Receiving Party delivered within five (5) business days after the production of such material. Upon the receipt by a Receiving Party of such notice, the identified materials shall thereafter be fully subject to the provisions of this Agreement with respect to Confidential Material. In the

case of Confidential Material that was inadvertently produced without the appropriate designation, but that was otherwise intended to be produced, the designating Producing Party shall deliver to the Receiving Party copies of the Confidential Material containing the appropriate designation.  A Producing Party that inadvertently produces material without designating the same as Confidential Material may request the return or destruction of such Confidential Material after delivering to the Receiving Party copies of the Confidential Material containing the appropriate designation.  For the avoidance of doubt, Protected Health Information shall constitute Confidential Material irrespective of whether it is formally designated as such.

Objections to Designation of Confidential Material.  If at any time a Receiving Party objects to the designation of any particular material as Confidential Material under this Agreement, the Receiving Party shall notify the Producing Party of such objection in writing. The objecting Receiving Party shall identify the particular material in question and shall specify in reasonable detail the reasons for the objection.  Within five (5) business days of the receipt of such notice, or within such other time as the Parties may agree, the Producing Party and the Receiving Party shall meet and confer in an effort to resolve their differences.  If the Parties cannot resolve their differences, the Producing Party may apply on or before five (5) business days thereafter, or such longer time as the Parties may agree, for *in camera* review by and a ruling from the Court on the propriety of the designation.  The material that is subject to the application shall remain Confidential Material until and unless the Court rules against the propriety of the designation, and thereafter until and unless all of the Producing Party's rights to appeal or seek further review of the Court's ruling have expired or been exhausted.  If the Producing Party makes an application to the Court, the burden shall be on such Producing Party

to demonstrate that the particular material should be designated as Confidential Material. Otherwise, the burden shall be on the Receiving Party to demonstrate that the material is not Confidential Material.

<u>Confidentiality Requirement</u>.  Each Receiving Party hereby agrees that all Confidential Material will be used solely in connection with the Adversary Proceeding or any additional proceeding agreed upon in writing by the applicable Producing Party (any such proceeding, a "<u>Permitted Proceeding</u>"), and that such information shall be kept confidential by each Receiving Party and not disclosed to any third parties; <u>provided</u>, <u>however</u>, that Confidential Material may be disclosed to the following parties (any such party, a "<u>Permitted Party</u>"):  (a) a Party's Advisors in connection with any Permitted Proceeding; (b) officers, partners, and employees of a Party, other than an Excluded Former Officer (as that term is defined in the Debtor's confirmed chapter 11 plan of liquidation); (c) any deponent and such deponent's Advisor(s) to the extent such deponent is shown Confidential Material in connection with uses permitted hereunder; (d) any court presiding over a Permitted Proceeding and its staff (collectively, a "<u>Presiding Court</u>"); and (e) court reporters and videographers engaged for recording testimony in any deposition or testimony in connection with a Permitted Proceeding.  Except with respect to a Presiding Court, it is understood that any Permitted Party shall be informed by the Receiving Party of the confidential nature and limited use of such material, and such Permitted Parties shall agree to treat such material strictly in accordance with the terms of this Agreement.  A Receiving Party may use Confidential Material, other than Protected Health Information, in any proceeding that is not a Permitted Proceeding upon ten (10) business days' written notice to the applicable Producing Party, and the Producing Party may object in writing to any such use of Confidential Material by the Receiving Party.  If the Parties cannot resolve their differences, the Receiving

Party may seek an order from the Court authorizing it to use Confidential Material in any proceeding that is not a Permitted Proceeding.

Non-disclosure.  Each Receiving Party and all other persons or entities who may acquire access to Confidential Material pursuant to this Agreement shall not disclose such material to any person or entity except in accordance with the terms of this Agreement.

Court Filings.  If a Receiving Party determines to file or otherwise submit to a Presiding Court any Confidential Material, such Receiving Party shall inform the Producing Party of such Receiving Party's intent to use Confidential Material not later than three (3) business days prior to the filing or submission of the same.  If the Producing Party requests in writing that such Confidential Material be filed or submitted under seal, such Confidential Material shall not be filed or submitted until the Receiving Party applies to the Presiding Court for leave to file such Confidential Material under seal.  If the Presiding Court denies the Receiving Party's motion to file or submit such Confidential Material under seal, then the Receiving Party shall be permitted to disclose such Confidential Material unless the Producing Party (a) has appealed the Presiding Court's ruling and obtained a stay of such ruling pending appeal, or (b) has, within three (3) business days following such denial, obtained a protective order preventing such disclosure.

Response to Subpoena or Other Legal Process; Disclosure of Confidential Material.  If any third party (including a governmental agency) subpoenas, requests or moves to compel disclosure by a Receiving Party of any Confidential Material, or if any Receiving Party is otherwise requested or required (by oral questions, interrogatories, requests for information or documents, civil investigative demand or similar process) to disclose any Confidential Material, such Receiving Party shall provide the Producing Party with no less than five (5) business days' notice, via overnight courier, electronic mail and telephonic notice, of receipt of such subpoena,

motion or request by the Receiving Party to the extent allowed by law. The Producing Party may seek an appropriate protective order and/or waive compliance with the provisions of this Agreement in respect thereof. The Producing Party may object to such subpoena, oppose such motion, or take such other action as it deems necessary to protect its interests, at its discretion. If, failing the entry of a protective order or the receipt of a waiver hereunder, a Receiving Party is compelled to disclose Confidential Material, that Receiving Party may, without liability hereunder, disclose such portion of the Confidential Material as it is so compelled to disclose.

Remedies. Each Receiving Party acknowledges that (i) remedies at law are inadequate to protect against a violation of this Agreement, (ii) Producing Parties will suffer irreparable harm from any violation of this Agreement, (iii) it is appropriate for any court of competent jurisdiction to grant equitable relief (including, without limitation, specific performance and injunctive and declaratory relief) in the Producing Party's favor in the event of a violation or threatened violation of this Agreement, and (iv) this Agreement supersedes any and all previous understandings, commitments or agreements with a Producing Party pertaining to the matters set forth herein; provided, however, that each Party warrants and represents to every other Party that nothing in any such prior arrangement shall interfere with such Party's performance according to the terms of this Agreement.

Inadvertent Production of Privileged Material. The inadvertent production of any document, material, or other information subject to a claim of attorney-client privilege, attorney work product or any other privilege or discovery exemption ("Privileged Material") shall not be deemed to be a waiver of any claim of privilege with respect to that or any other document, material or information. In the event that any Privileged Material is inadvertently produced, the Receiving Party that received the inadvertently produced Privileged Material shall return such

information and all copies thereof to the Producing Party within five (5) business days after it receives written notice from the Producing Party that the Privileged Material was inadvertently produced. For the avoidance of doubt, any Privileged Material produced to any Receiving Party shall be deemed to have produced inadvertently.

Admissibility of Discovery Not Affected. This Agreement shall not be construed to affect, limit, or expand in any way the admissibility of any document, testimony, or other evidence at a hearing on any matter in the Permitted Proceeding.

Possession, Custody, or Control Not Affected. This Agreement shall not be construed as a determination or agreement regarding the possession, custody, or control of any Confidential Material or other material by any Party.

Parties May Use Their Own Documents. Nothing in this Agreement shall be construed to limit any Party's use or disclosure of its own documents, materials, or information.

Severability. Any provision in this Agreement that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction only, be ineffective to the minimum extent of such prohibition or unenforceability, without invalidating the remaining provisions in any jurisdiction hereof or affecting the validity or enforceability of such provisions in any jurisdiction.

Accuracy of Confidential Material. Each Receiving Party acknowledges that no Producing Party or its agents, employees, or Advisors makes any representation or warranty, other than their good faith belief, as to the accuracy or completeness of any Confidential Material.

Treatment of Confidential Material After Conclusion of Proceedings. Except as otherwise agreed to in writing by the Parties, in the thirty (30) days following the conclusion of the Permitted Proceedings, and all rights to appeal or seek other or further review thereof have

expired or been exhausted, all Confidential Material, all copies thereof and any document created or exchanged in connection with or used for Confidential Material shall either be (a) returned to the Producing Party or (b) destroyed; provided, however, that no Party shall be required to return or destroy any Confidential Material that it is required by statute, rule, regulation or other governmental mandate to retain. Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product; provided, however, that such counsel and employees of such counsel shall continue to comply with this Agreement with respect to such material and shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the Party that produced the Confidential Material. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

Certification of Compliance. In each instance where this Agreement requires a Receiving Party to return or destroy material, upon request of the Producing Party, such Receiving Party shall promptly certify to the Producing Party with respect to such material, in writing and under the pains and penalties of perjury, that such Party has complied with such obligation.

Jurisdiction. The Bankruptcy Court presiding over the Adversary Proceeding retains jurisdiction to enforce, modify, or vacate all or any portion of this Agreement upon appropriate motion by a party in interest.

Binding on Successors. The terms of this Agreement shall be binding upon any of the Parties' successors or assigns. The terms of this agreement shall govern production of Confidential Material already produced between and among the parties, including Confidential Material produced pursuant to any prior agreement between the Parties governing treatment of

Confidential Material.

AGREED & ACCEPTED as of this 9th day of April, 2018 by:

| STROOCK & STROOCK & LAVAN | PACHULSKI STANG ZIEHL & JONES LLP |
|---|---|
| */s/ David M. Cheifetz* | */s/ Ilan D. Scharf* |
| James L. Bernard, Esq.<br>David M. Cheifetz, Esq.<br>180 Maiden Lane<br>New York, New York 10022<br>Tel: 212-806-5400<br>Fax: 212-806-6006<br>*Counsel to Loeb & Troper LLP* | Robert J. Feinstein, Esq.<br>Ilan D. Scharf, Esq.<br>Beth E. Levine, Esq.<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Tel: 212-561-7700<br>Fax: 212-561-7777<br>*Counsel to the Trustee.* |

GARFUNKEL WILD, P.C.

*/s/ Adam T. Berkowitz*

Burton S. Weston, Esq.
Adam T. Berkowitz, Esq.
11 Great Neck Road, Suite 600
Great Neck, NY 11021
Tel: 516-393-2588
Fax: 516-466-5964
*Counsel to the Plan Administrator*

Dated: Central Islip, New York
April 27, 2018

**Robert E. Grossman**
**United States Bankruptcy Judge**