# STROOCK

February 14, 2019

James L. Bernard
Direct Dial: 212.806.5684
Fax: 212.806.6006
jbernard@stroock.com

Hon. Robert E. Grossman
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

Re:   Michaelson v. Loeb & Troper LLP, Adv. Pro. No. 17-08100 (REG)

Dear Judge Grossman:

We write on behalf of Defendant Loeb & Troper in the above-referenced adversary proceeding. Mr. Michaelson's counsel informed us that Your Honor indicated at a recent status conference that the Court will not allow a summary judgment motion to be filed in this matter without the Court's permission, and we therefore set forth below a brief description of the contemplated motion and why we believe it is appropriate. We are, of course, happy to schedule a conference with the Court to discuss this matter further.[1]

We respectfully submit that a motion for summary judgment will resolve this case in favor of Loeb & Troper without the need for a time consuming and costly trial. Following discovery, there is insufficient evidence as a matter of law for the Trustee to prove the conclusory, speculative claims in his Complaint. Our motion, which will be accompanied by a concise statement of undisputed material facts and a limited number of exhibits and deposition transcripts, will focus on two straightforward legal issues.

First, in order for the Trustee to prevail, he must establish: (1) that FEGS failed to prepare its financial statements in accordance with Generally Accepted Accounting Principles (GAAP) and (2) that Loeb & Troper failed to adequately audit those financial statements in accordance with Generally Accepted Auditing Standards (GAAS). Our motion will not address the second prong of this test, but our motion will establish that there is no evidence that FEGS failed to comply with GAAP by materially overstating receivables in FY 2012 or 2013 (the only alleged accounting issue and relevant audit years). The undisputed record establishes that FEGS correctly accounted for receivables on its prior financial statements. Not a single fact witness, from FEGS or otherwise, has come forward to testify that FEGS did not properly account for its receivables,

---

[1] We are prepared to file our motion by February 28, 2019, the deadline for filing a dispositive motion set forth in the Court's scheduling order, dated July 19, 2018. Dkt. 33.

Hon. Robert E. Grossman
February 14, 2019

and the Trustee's expert does not offer an opinion in his expert report on this issue. In addition, FEGS's management represented to Loeb & Troper that its financial statements complied with GAAP. FEGS never restated those financial statements. And the former chair of FEGS's Audit Committee testified that FEGS never even considered such a restatement when it determined to write down the allegedly overstated receivables in FY 2014, because the writedown was a prospective change in management estimates, and **not** a retrospective correction of an error in FEGS's prior financial statements. No witness or document establishes otherwise. Without proof of an underlying accounting misstatement, there can be no genuine dispute regarding Loeb & Troper's alleged failure to detect it. *See, e.g.*, *Santini v. Grant & Co.*, 272 A.D.2d 271 (1st Dep't. 2000) (affirming summary judgment for accounting firm where plaintiff's "essential claim that [an] account was in fact overstated" lacked evidentiary support).

Second, our motion will establish that even if FEGS had made an accounting error that Loeb & Troper failed to detect, there is no evidence that this caused FEGS's bankruptcy or the preposterously inflated $140 million that the Trustee now claims as damages. The discovery record is replete with undisputed evidence that FEGS's 2015 demise had nothing whatsoever to do with Loeb & Troper's audits of FEGS's 2012 or 2013 financial statements, but instead was caused by FEGS's failure to address a series of operational problems precipitating a "cash-crisis." Both sides agree, however, that the FY 2014 writedown of the receivables at issue here was a **non-cash** accounting adjustment that did not impact FEGS's available cash. The Trustee offers nothing more than impermissible conjecture and speculation that FEGS would have been able to avoid bankruptcy had this adjustment been made earlier (and the Trustee's expert offers no opinion about it). Accordingly, there is no genuine dispute regarding Loeb & Troper's nonexistent role in FEGS's bankruptcy and summary judgment must also be granted for this independent reason. *See, e.g.*, *Buckley v. Deloitte & Touche USA LLP*, 888 F. Supp. 2d 404, 415-21 (S.D.N.Y. 2012) (granting summary judgment to auditor where Trustee's speculation was contrary to undisputed facts and failed to establish causal link between alleged wrongdoing and debtor's bankruptcy).

Respectfully submitted,

/s/ James L. Bernard

James L. Bernard

cc:    Ilan D. Scharf, Esq. (via ECF)